21349

The STATE, Respondent, v. Bernard Mikel WHITE, Appellant.
(272 S. E. (2d) 800)

*Staff Atty. David W. Carpenter* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia; and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

December 9, 1980.

NESS, Justice:

Appellant Bernard Mikell White was convicted of armed robbery and murder and sentenced to consecutive terms of twenty years and life imprisonment. He challenged the sufficiency of the affidavit in support of the search warrant. We find no error and affirm.

Affidavits for search warrants must be tested and interpreted by magistrates and courts in a common sense and realistic fashion since they are normally drafted by non-lawyers in the haste of a criminal investigation. *United States v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684 (1965); *State v. Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621 (1976). The three-fold purpose of the warrant requirement is to provide the safeguard of detached judicial scrutiny prior to the issuance of the war-

rant; to keep lawfully initiated searches within the proper bounds; and to assure the individual of the lawful authority of the officer executing the search, his need to search and the limits of his power to search. It is the protection of the people and their privacy that is the core of the Fourth Amendment.

Warrants for appellant's arrest and for the search of his residence were issued simultaneously on December 13, 1978. Appellant argues the affidavit presented to the magistrate in support of the search warrant failed to establish probable cause necessary for its issuance. We agree.

However, the affidavit for the arrest warrant was ■ also before the magistrate at this time. Facts supplied by two affidavits, simultaneously filed and considered by the magistrate, could be taken into account by him in determining the existence of probable cause. *United States v. Nolan,* 413 F. (2d) 850 (6th Cir. 1969); *United States v. Bozza,* 365 F. (2d) 206 (2nd Cir. 1966); *Blankenship v. State,* 258 Ark. 535, 527 S. W. (2d) 636 (1975); *State v. Kalai,* 56 Haw. 366, 537 P. (2d) 8 (1975); *State v. Smith,* 295 Minn. 65, 203 N. W. (2d) 348 (1972).

Our primary concern is that the magistrate is suffi-■■ ciently informed to make an independent determination of probable cause. A search warrant issued upon affidavit or affirmation does not offend the constitution. *State v. Sachs,* 264 S. C. 541, 216 S. E. (2d) 501 (1975). Any information relied upon to establish probable cause must be in the words of the Fourth Amendment, "upon probable cause, supported by oath or affirmation." We held in *Sachs, supra,* that an affidavit could be supplemented by oral testimony. We now hold it is permissible to construe separate affidavits, obtained simultaneously in order to determine the existence of probable cause. There is no inherent defect in utilizing multiple affidavits. *State v. Gamage,*

340 A. (2d) 1 (Me. 1975); *People v. Close,* 60 Ill. App. (2d) 477, 208 N. E. (2d) 644 (1965). We conclude the magistrate correctly issued the search warrant.

Appellant's remaining exceptions are without merit and dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.