22651

The STATE, Appellant v. Clifton McKNIGHT, Levan McKnight, Charles Montgomery, Jessie Doughty, Roscoe Pressley, and Edward Pressley, of whom Clifton McKnight, Levan McKnight, Charles Montgomery and Roscoe Pressley are Respondents.

(352 S. E. (2d) 471)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for appellant.*

*Robert B. Nance,* Columbia, *for respondent Levan Mc-Knight.*

*M. Duane Shuler*, Kingstree, *for respondent Clifton McKnight.*

*G. B. Jenkinson*, Kingstree, *for respondent Charles Montgomery.*

*W. E. Jenkinson, III*, Kingstree, *for respondent Roscoe Pressley* and *defendant Edward Pressley.*

Heard Nov. 18, 1986.

Decided Jan. 12, 1987.

NESS, Chief Justice:

This is an appeal by the State from an order of the circuit court granting respondents' motion to suppress.[1] We affirm.

On the basis of information supplied by informants, Deputy Sheriff Russell Cox appeared before Magistrate Johnny Ard to obtain a search warrant of a mobile home in Williamsburg County. Cox related to Ard his belief that drugs and stolen goods would be found in the mobile home. Ard filled out a form for the search warrant and Cox signed it. Cox and Officer Wayne Lambert questioned Ard about the absence of an affidavit. Ard placed Cox under oath, and Cox orally recited the facts upon which the warrant was based. No affidavit was ever executed.

Upon a search of the mobile home, officers discovered numerous items of drug paraphernalia and substances believed to be cocaine and marijuana. Six persons were arrested. At a pretrial suppression hearing, the State contended the defendants lacked standing to challenge the warrant. The trial judge ruled that all defendants except Edward Pressley had standing to challenge the warrant. He granted the motion to suppress as to the other five defendants.

## THE SEARCH

The Constitutions of the United States and the State of South Carolina require that search warrants be "supported by oath or affirmation." U. S. Const. Amend. IV; S. C. Const. Art I, Section 10.

---

[1] Respondent's motion to dismiss the State's appeal was denied. *State v. McKnight*, 287 S. C. 167, 337 S. E. (2d) 208 (1985).

This is a minimum standard, and state legislatures are free to enact stricter requirements for the issuance of search warrants. *See, State v. York,* 250 S. C. 30, 156 S. E. (2d) 326 (1967). The South Carolina General Assembly has enacted a requirement that search warrants may be issued "only upon affidavit sworn to before the magistrate ... establishing the grounds for the warrant." S. C. Code Ann. Section 17-13-140 (1985). A search warrant that would survive constitutional scrutiny may still be defective under the statute.

The State argues the warrant was not defective, since it was supported by Cox's sworn oral testimony. An affidavit is a voluntary *ex parte* statement reduced to writing and sworn to or affirmed before some person legally authorized to administer an oath or affirmation. 3 Am. Jur. (2d), *Affidavits,* Section 1. It differs from an oath in that an affidavit consists of a statement of fact which is sworn to as the truth, while an oath is a pledge. *Id.* Section 2; 58 Am. Jur. (2d), *Oath and Affirmation,* Section 3. While a sworn, oral statement may be sufficient to satisfy the constitutional requirement for oath or affirmation, it does not satisfy the statutory requirement of an affidavit.

A search warrant affidavit which itself is insufficient to establish probable cause may be *supplemented* before the magistrate by sworn oral testimony. *State v. Sachs,* 264 S. C. 541, 216 S. E. (2d) 501 (1975). *See also, State v. White,* 275 S. C. 500, 272 S. E. (2d) 800 (1980). However, sworn oral testimony, standing alone, does not satisfy the statute. The mandate of the statute is clear. The Court cannot, under the guise of statutory interpretation, overlook plain meaning of the statute to imply instead a wholly different meaning than was intended by the legislature. *Davis v. Doe,* 285 S. C. 538, 331 S. E. (2d) 352 (1985). We agree with the trial judge's ruling that the search warrant was defective under Section 17-13-140.

Exclusion of evidence is not the only means available to insure that warrants are properly issued. *State v. Sachs, supra.* When, however, the State is unable to demonstrate a good faith attempt to comply with the statute, exclusion is the proper remedy. *Id.*

The record in this case clearly shows there was no good faith effort to comply with the statute. Officers Cox and Lambert were aware of the requirement for

an affidavit to support the search warrant, but made no effort to comply with the statute. Exclusion was appropriate.

The State argues the seized items should be admitted despite the defective warrant, under the good faith exception to the exclusionary rule adopted by the United States Supreme Court in *United States v. Leon*, 468 U. S. 897, 104 S. Ct. 3405, 82 L. Ed. (2d) 677 (1984). However, the evidence in this case was not excluded on constitutional grounds, but on the basis of a statutory violation. The *Leon* rule applies only when a search warrant is defective on Fourth Amendment grounds.

The State has not argued, and we do not decide, whether evidence seized pursuant to a search warrant which is defective under Section 17-13-140 may be admitted when the officers who execute the search act with objectively reasonable reliance on a warrant ultimately found to be invalid. Even if this Court were inclined to adopt a good faith exception akin to *Leon* for violations of Section 17-13-140, the exception would not apply here. Both officers were aware of the defect in the warrant when they executed the search, negating any argument of good faith.[2] The trial judge properly ruled that *Leon* did not apply in this case.

### STANDING

The Fourth Amendment to the United States Constitution guarantees to individuals the right to be free from unreasonable searches and seizures. One who seeks to have evidence suppressed on this basis must establish that his *own* Fourth Amendment rights were violated. *United States v. Salvucci*, 448 U. S. 83, 100 S. Ct. 2547, 65 L. Ed. (2d) 619 (1980). These are personal rights which may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128, 99 S. Ct. 421, 58 L. Ed. (2d) 387 (1978). *See also, United States v.*

---

[2] The *Sachs* good faith rule permits the introduction of evidence seized pursuant to a warrant which is defective under Section 17-13-140 if the officers have made a good faith attempt to comply with the affidavit requirement. A state counterpart to *Leon*, if adopted, would apply when the officers reasonably believe the search warrant is valid when the search is made, but is subsequently determined to be invalid. The two good faith standards focus on the officers' conduct and state of mind at different points in the execution process.

*Nabors*, 761 F. (2d) 465 (C.A. 8th 1985), *cert. den.,* ____ U. S. ____ , 106 S. Ct. 148, 88 L. Ed. (2d) 123. The defendant who seeks to suppress evidence on Fourth Amendment grounds must demonstrate a legitimate expectation of privacy in connection with the searched premises in order to have standing to challenge the search. *United States v. Salvucci, supra; Rawlings v. Kentucky,* 448 U. S. 98, 100 S. Ct. 2556, 65 L. Ed. (2d) 633 (1980); *Combs v. United States,* 408 U. S. 224, 92 S. Ct. 2284, 33 L. Ed. (2d) 308 (1972). *See, e.g., State v. Daniels,* 252 S. C. 591, 167 S. E. (2d) 621 (1969). The federal courts have promulgated a sizeable body of law developing and refining the concept of standing. *See,* 90 West's Federal Practice Digest (3d), *Searches and Seizures,* Key Nos. 161-165; Annot. 4, ALR 4th 1050.

On the other hand, the rights afforded by Section 17-13-140 are not dependent upon a showing of an expectation of privacy in the searched premises. The primary purpose of the statute is to insure the timely recording of the testimony upon which the judicial officer relied in issuing the warrant. *State v. Sachs, supra.* However, the primary *benefit* of the statute "is to the person arrested or searched." 216 S. E. (2d) at 510. Therefore, one contesting the legality of a search because of a defect under Section 17-13-140 need only show that the State is attempting to introduce the evidence against him.

The State argues that all of the respondents lack standing to challenge the legality of the search, asserting none of the respondents had a legitimate expectation of privacy in the searched premises. Had this case been decided on constitutional grounds, this would be the appropriate inquiry. Since the trial judge's ruling was based on the stricter, statutory grounds, each of the respondents against whom the evidence was offered had standing to object to the validity of the search.

The ruling of the trial judge is

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.