22907

The STATE, Respondent v. William Eddie CRANE, Appellant.

(372 S. E. (2d) 587)

Supreme Court

*Sidney F. McDaniel, Jr.,* Easley, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. G. Wells Dickson, Jr.,* Columbia, and *Sol. George M. Ducworth,* Walhalla, *for respondent.*

Submitted June 9, 1988.

Decided Sept. 26, 1988.

HARWELL, Justice:

Appellant was found guilty of trafficking in marijuana in violation of S. C. Code Ann. § 44-53-370(e)(1)(a) (1985) and sentenced to eight years imprisonment. On appeal he challenges both the trial judge's refusal to suppress evidence seized near his house and the sufficiency of that evidence to support his conviction. We affirm the trial court's ruling and the conviction.

## I FACTS

Acting on an informant's tip, Chief Deputy Singleton of the Oconee County Sheriff's Department secured a warrant to search appellant's house for marijuana. While executing the warrant, officers seized trace amounts of marijuana residue and seeds from appellant's bedroom, attic, and a "root cellar" dug beneath a trap door under appellant's bedroom carpet. Deputy Singleton left the house and walked around the yard. He noticed footprints and "tracks" leading

away from appellant's outhouse and down a trail. He followed the trail 100 to 150 yards into some woods on property not owned by appellant. At the end of the trail, the deputy found a ditch containing three barrels filled with 37.5 pounds of marijuana. One of the barrels also contained a wallet with an identification card bearing appellant's name, address and phone number. The officers also found an empty barrel in a shed outside appellant's house. The barrel was identical to those found in the ditch.

Several officers testified that the path leading directly from appellant's house was the only path in the area of the ditch.

## II SUPPRESSION

Appellant first argues that the trial court erred in denying his motion to suppress all evidence seized from his house. He claims the magistrate had insufficient facts upon which to base a finding of probable cause to search. We disagree.

The affidavit underlying the warrant stated only that a confidential reliable informant had recently seen marijuana at appellant's residence and that appellant had stated his intent to move it. The trial court ruled, and the State conceded, that the affidavit was insufficient standing alone to establish probable cause. In *State v. McKnight*, 291 S. C. 110, 352 S. E. (2d) 471 (1987), this Court recognized that a search warrant affidavit insufficient in itself to establish probable cause may be supplemented before a magistrate by sworn oral testimony. *See also State v. Sachs*, 264 S. C. 541, 216 S. E. (2d) 501 (1975). Pursuant to *State v. McKnight*, the trial judge allowed the State to elicit testimony from Deputy Singleton concerning supplemental facts he presented under oath before the magistrate. Deputy Singleton testified that, in addition to the facts recited in the affidavit, he told the magistrate the informant's name; that he had met with the informant, both alone and with another "drug officer"; that the other officer vouched for the informant's credibility and reliability by stating that the informant's past tips had led to criminal convictions; that the informant believed appellant held approximately forty pounds of marijuana in his house; that the informant stated that the marijuana was

hidden beneath a trap door in appellant's bedroom; that appellant told the informant on the same day the affidavit was submitted that he (appellant) intended to move the marijuana to another location; and that he (Deputy Singleton) had sent the informant with another officer to have the informant point out and confirm which house appellant occupied.

A magistrate's determination of probable cause to search is entitled to substantial deference by this Court on review. *State v. Pressley*, 288 S. C. 128, 341 S. E. (2d) 626 (1986). Based on the affidavit as supplemented by Deputy Singleton's testimony, we hold that the totality of the circumstances abundantly supported the magistrate's probable cause determination and issuance of the warrant. *See Illinois v. Gates*, 462 U. S. 213, 103 S. Ct. 2317, 76 L. Ed. (2d) 527 (1983) (adopting "totality of the circumstances" test for review of probable cause determinations); *accord State v. Adams*, 291 S. C. 132, 352 S. E. (2d) 483 (1987); *State v. Pressley, supra.*

Appellant also claims the warrant was not sufficiently particular in its description of the place to be searched. We disagree. The warrant here described the premises to be searched with sufficient particularity, giving directions to the house, describing it, and designating "the residence" as the place to be searched. Appellant's challenge to the warranted search and seizure in the house therefore fails. *See State v. Ellis*, 263 S. C. 12, 207 S. E. (2d) 408 (1974) (language of warrant taken in connection with affidavit held sufficient to withstand constitutional and statutory attack on particularity of premises to be searched).

Appellant next argues that the marijuana seized from the woods 100 to 150 yards from his house should have been suppressed because the search was unreasonable and exceeded the scope of the warrant. Appellant seems to argue that the warrant was defective in its failure to include the woods as part of the premises to be searched.

Appellant's framing of the issue represents a fundamental misapprehension of the police conduct here. Two separate and distinct police intrusions occurred in this case. The first occurred when appellant's house was searched pursuant to

the valid warrant. The second intrusion occurred when Deputy Singleton proceeded down the trail, off appellant's curtilage, and onto another man's property. Deputy Singleton, the trial judge, and appellant all recognized that this second intrusion was not conducted pursuant to the search warrant. Appellant cannot now claim this intrusion was carried out pursuant to a statutorily defective warrant because, in fact, *no* warrant authorized such a search.[1] Any challenge to this second intrusion must therefore be predicated on the constitutional prohibition against unreasonable searches and seizures.

In order to have evidence suppressed on constitutional grounds, appellant "must establish that his *own* Fourth Amendment rights were violated." *State v. McKnight, supra,* 291 S. C. at 114, 352 S. E. (2d) at 473. In order to claim the protections of the exclusionary rule, he must demonstrate a legitimate expectation of privacy in connection with the searched premises. *Id.,* citing *United States v. Salvucci,* 448 U. S. 83, 100 S. Ct. 2547, 65 L. Ed. (2d) 619 (1980). An expectation of privacy is legitimate for Fourth Amendment purposes if it springs from a "source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Rakas v. Illinois,* 439 U. S. 128, 143-144, n. 12, 99 S. Ct. 421, 430-431, n. 12, 58 L. Ed. (2d) 387, 401-402, n. 12 (1978); *See also Dow Chemical Co. v. United States,* 476 U. S. 227, 248, 106 S. Ct. 1819, 1832, 90 L. Ed. (2d) 226, 244 (1986) (Powell, J., concurring and dissenting).

Here, the police conduct which led to the evidence introduced against appellant took place on property 100 to 150 yards away from appellant's outhouse on land owned by another individual. Appellant makes no showing that his own Fourth Amendment rights were violated in any way. On the contrary, appellant's own brief repeatedly notes that he neither exercised "ownership, dominion, or control" over, nor held any interest in, the searched property. No property

---

[1] The broad concept of "standing" fashioned in *State v. McKnight* is thus inapplicable here. *McKnight* involved the statutory sufficiency of a search warrant. *See* S. C. Code Ann. § 17-13-140 (1985).

law concept nor societal "understanding" we are aware of accords appellant any expectation of privacy in another individual's woods. *See Rakas v. Illinois, supra.* Because appellant cannot make the threshold demonstration of a legitimate expectation of privacy in connection with the searched premises, he is not entitled to launch the constitutional challenge to the search.

## III DIRECTED VERDICT

Appellant's final contention is that the trial court erred in denying his directed verdict motion. He lists numerous "weaknesses" in the State's attempt to link him to the marijuana seized from a ditch not on his premises.

When reviewing the denial of a directed verdict motion in a criminal case, we must view the evidence in the light most favorable to the State. *State v. Kimbrell,* 294 S. C. 51, 362 S. E. (2d) 630 (1987). The presentation of any direct or circumstantial evidence reasonably tending to prove the defendant's guilt creates a jury issue. *Id.,* citing *State v. Owens,* 291 S. C. 116, 352 S. E. (2d) 474 (1987); *State v. Mathis,* 287 S. C. 589, 340 S. E. (2d) 538 (1986).

The State presented abundant circumstantial evidence reasonably tending to prove appellant moved the marijuana from his house to the ditch. This movement evidenced appellant's intent and power to control the marijuana. *State v. Kimbrell, supra; See also State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981) (constructive possession may be proven by circumstantial evidence). The trial judge properly allowed the issue to go to the jury.

Appellant's conviction for marijuana trafficking is

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.