**UNITED STATES of America,**

**v.**

**Charles E. CLYBURN and Samuel T. Scott, Defendants.**

**Crim. No. 3:92–302–17.**

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 4, 1992.

---

**1248**

Robert C. Jendron, Jr., Terry L. Wooten, Asst. U.S. Attys., Columbia, S.C., for U.S.

Thomas R. Dyson, Washington, D.C., John H. Whittleton, Sr., Columbia, S.C., for Charles E. Clyburn.

Parks N. Small, Federal Public Defender, Columbia, S.C., for Samuel T. Scott.

## ORDER

JOSEPH F. ANDERSON, Jr., District Judge.

Charles E. Clyburn and Samuel T. Scott were charged in a seven count indictment with assorted violations of federal drug laws.[1] This matter is before the court on the motion of the defendants to suppress evidence on the grounds that such evidence was seized pursuant to an illegal search and seizure in violation of both the Fourth Amendment of the United States Constitution and Article 1 § 10 of the South Carolina Constitution. Specifically, the defendants argue that the state magistrate who issued the warrant improperly considered sworn oral testimony to bolster the search warrant affidavit, which was itself insufficient on its face to establish probable cause. Furthermore, defendants argue that the government cannot rely on the good faith exception to the exclusionary rule for two reasons: (1) police reliance on the search warrant was unreasonable; and (2) the magistrate who issued the warrant was not neutral and detached. A hearing on the motion was conducted on September 24, 1992. The court heard testimony from Sergeant Anthony Dennis, the officer who obtained the warrant in question, and Sumter County Magistrate William Sanders, the magistrate who issued it. For the reasons set forth below, the defendants' motion to suppress is denied.

The salient facts are not in dispute. A confidential informant contacted Sergeant Dennis, a narcotics officer with the Sumter County Police Department and advised him that Clyburn was selling illegal drugs. In addition, the informant advised Sergeant Dennis that he/she knew Clyburn personal-

---

1. Specifically, Clyburn was charged with violating 21 U.S.C. § 846 (conspiring to possess cocaine with intent to distribute), 21 U.S.C. § 841(a)(1) (possession of cocaine with intent to distribute and distribution of cocaine) and 21 U.S.C. § 841(a)(1) (using and carrying a firearm during and in relation to a drug trafficking crime). Scott was implicated only in the conspiracy and possession with intent to distribute charges.

ly and could make a drug purchase from him. At this time, the informant was incarcerated on shoplifting charges. Therefore, it was necessary for the informant to be released on bond so that he/she could cooperate with the Clyburn investigation. Accordingly, Sergeant Dennis contacted Magistrate Sanders who arranged for the informant to be released on bond. On April 23, 1992, the informant made a controlled purchase[2] of crack cocaine from Clyburn at his residence.

The next day, April 24, 1992, Sergeant Dennis prepared a search warrant for Clyburn's residence at 105 South Guignard Drive. Later that same day, Sergeant Dennis met with Magistrate Sanders to have the warrant approved. The affidavit itself was meager.[3] Much of the information relayed by Sergeant Dennis to Magistrate Sanders was not in the affidavit.[4] Magistrate Sanders placed Sergeant Dennis under oath regarding the facts that Dennis recited orally. Based on the information contained in the affidavit and the oral information regarding the controlled purchase, Magistrate Sanders concluded that probable cause existed for issuing the search warrant authorizing the search of Clyburn's residence.

Additionally, after the issuance of the warrant on April 24, 1992, and before the execution of the warrant on May 1, 1992, the informant made two additional controlled purchases from Clyburn at his residence.

The court finds that it was not inconsistent with the Fourth Amendment for the magistrate to consider sworn oral testimony in determining whether there was probable cause to issue the Clyburn search warrant. To date, the Fourth Circuit Court of Appeals has yet to directly decide this issue. However, a majority of circuit courts addressing the issue have held it constitutionally permissible for a magistrate to consider sworn oral testimony, in addition to information provided in the affidavit, in determining the existence of probable cause to support a search warrant. *See United States v. Hill*, 500 F.2d 315, 321 (5th Cir.1974) ("The constitution does not mandate that a sworn statement in support of an application for a search warrant be reduced to writing."); *United States ex rel. Gaugler v. Brierley*, 477 F.2d 516, 522 (3rd Cir.1973) ("The Fourth Amendment does *not* require that a sworn statement in support of an application for a search warrant must [sic] be reduced to writing."); *Boyer v. Arizona*, 455 F.2d 804, 806 (9th Cir.1972) ("In determining probable cause for the issuance of a state warrant in Arizona, magistrates may consider not only the written affidavit but also any oral testimony given to them under oath by the affiant officer."); *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir.1971) ("[T]he Fourth Amendment permits the warrant-issuing magistrate to consider sworn oral testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant."); *United States ex rel.*

---

**2.** At the hearing, Sergeant Dennis described the procedure traditionally followed in a controlled purchase. At all times the informant is under the control of law enforcement. Initially, the informant is searched to ensure that the informant does not have any illegal narcotics on his or her person. In addition, the informant is provided marked bills with which to purchase the narcotics. A body wire is placed on the informant enabling law enforcement to monitor all conversations occurring during the buy, and the informant is placed under visual surveillance whenever possible during the purchase. Finally, the contraband is promptly turned over to law enforcement after the purchase.

**3.** The affidavit stated: "A confidential and reliable informant known to this affiant has stated

to this affiant that he/she has seen a quantity of crack cocaine in [Clyburn's] residence within the past 72 hours."

**4.** At the suppression hearing, Sergeant Dennis testified that the information concerning the controlled purchase was deliberately omitted from the affidavit to protect the identity of the informant. Dennis explained that public disclosure of information concerning the time and place of a controlled purchase would increase the likelihood that a drug dealer would be able to determine the identity of the informant and retaliate. Informants, thus, would be less willing to come forward to expose criminal activity if the full details of a controlled purchase are set out in the affidavit.

*Pugach v. Mancusi,* 310 F.Supp. 691, 704 (S.D.N.Y.1970), *aff'd,* 441 F.2d 1073 (2d Cir.), *cert. denied,* 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971) ("[A] showing of probable cause is all that the language or spirit of the Fourth Amendment requires, regardless of whether written or oral, part of an affidavit or other document, recorded or not.").

■ Equally unavailing is the defendants' contention that the South Carolina Constitution requires exclusion of the evidence. A magistrate is free under the South Carolina Constitution to consider unrecorded sworn oral testimony in determining whether probable cause exists to support a search warrant. Responding to a challenge under both state and federal constitutions the South Carolina Supreme Court recently stated that, "[a] search warrant which is itself insufficient to establish probable cause may be *supplemented* before the magistrate by sworn oral testimony." *State v. McKnight,* 291 S.C. 110, 352 S.E.2d 471, 472 (1987) (*citing State v. White,* 275 S.C. 500, 272 S.E.2d 800 (1980); *State v. Sachs,* 264 S.C. 541, 216 S.E.2d 501 (1975)); *see also State v. Crane,* 296 S.C. 336, 372 S.E.2d 587, 588 (1988).

Although the court has determined that the procedures employed by Sergeant Dennis do not violate the federal or state constitutions, the court feels compelled to note that the preferred course of action is to include in the affidavit all information provided to the judicial officer who issues the warrant. If officers routinely rely on oral testimony to supplement an affidavit, difficult factual issues will inevitably be presented to reviewing courts, which will then be required to make probable cause determinations based on faded memories. Such a practice is to be discouraged.

Having discerned no constitutional violation arising out of the magistrate's consideration of matters outside of the affidavit, the court now turns its attention to the question of whether probable cause was shown.

■ Probable cause did exist to support the search warrant of Clyburn's residence considering the information contained in the affidavit together with the sworn oral testimony provided by Sergeant Dennis. Currently, the Supreme Court employs a totality of the circumstances approach to determine whether probable cause exists to support the issuance of a search warrant as mandated by the Fourth Amendment. *Illinois v. Gates,* 462 U.S. 213, 230–31, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527 (1983). In explaining the totality of the circumstances approach, the *Gates* Court stressed the "practical, nontechnical" common sense nature of the test. *Id.* at 231–232, 103 S.Ct. at 2328–29. The Supreme Court also stated that, "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Id.* at 236, 103 S.Ct. at 2331 (quoting *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969)). In *Gates,* the Court abandoned the rigid two-pronged test espoused in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), under which both the informant's reliability and his basis for the knowledge had to be shown independently to establish probable cause. *Gates,* 462 U.S. at 233, 103 S.Ct. at 2329. Although the informer's veracity and basis of knowledge remain highly relevant factors under the *Gates* formula, these two factors should not be accorded independent status and instead "are better understood as relevant considerations in the totality-of-the-circumstances analysis ... [therefore] a deficiency in one factor may be compensated for, in determining the reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.*

■ Applying the *Gates* test, the information provided to Magistrate Sanders was sufficient to establish probable cause. Although the informant's reliability was questionable since he/she had been incarcerated on shoplifting charges and had a reputation in the community for being untrustworthy,[5] the basis of the informant's

5. Magistrate Sanders conceded at the hearing that he knew the informant had a poor reputa- tion for truthfulness.

knowledge was highly reliable. The informant first gave details of Clyburn's drug activities and later personally purchased illegal narcotics from Clyburn. As stated in *Gates*, "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing along with a statement that the event was observed firsthand, entitles his tip to greater weight...." *Id.* at 234, 103 S.Ct. at 2330.

Moreover, Sergeant Dennis substantially corroborated the informant's tip through the successful completion of a controlled purchase which overcomes any deficiency in the informant's reliability. *See Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959) (officer's corroboration of the defendant's physical attributes, clothing, and mannerisms sufficient to establish probable cause); *see also United States v. Miller*, 925 F.2d 695, 699 (4th Cir.1991) (Powell, J., sitting by designation) (officer's substantial corroboration of tip provided by informant of unknown reliability helped establish probable cause by providing reasonable assurances that the informant was not fabricating the information). In *Gates* the Supreme Court emphasized that its "decisions applying the totality-of-the-circumstances analysis ... have consistently recognized the value of corroboration of details of an informant's tip by independent police work." 462 U.S. at 241, 103 S.Ct. at 2334. In the instant case, Sergeant Dennis corroborated almost every one of the significant details provided by the informant. The informant told Dennis that Clyburn was selling illegal drugs out of his residence. The informant further stated that he/she knew Clyburn personally and could purchase drugs from him. To confirm this information, Sergeant Dennis arranged a controlled purchase utilizing the informant. It is hard to imagine what more the officer could have done to corroborate this informant's tip. Indeed, the officer actually monitored the very illegal activity which formed the basis of the informant's tip. Only after the controlled purchase had taken place did Sergeant Dennis seek the issuance of a search warrant from the magistrate. *See United States v. Smith*, 914 F.2d 565, 568 (4th Cir.1990) (holding probable cause existed where informant was observed entering a room with no cocaine in his possession, exiting the room, and then turning over cocaine to the authorities).

Accordingly, the court finds that under the totality of the circumstances, probable cause was established in light of the fact that the informant had firsthand knowledge of Clyburn's illegal drug activities, and that Sergeant Dennis' substantially corroborated the informant's tip.

■ Although the court finds that probable cause existed to support the Clyburn search warrant, even in the absence of probable cause, the search was still valid under the good faith exception to the exclusionary rule. In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that evidence seized pursuant to an invalid search warrant should not be suppressed if government agents, viewed objectively, reasonably relied in good faith on the magistrate's issuing of the warrant. *Id.* at 920–23, 104 S.Ct. at 3419–20. In the present situation, the officer's reliance on the magistrate's issuance of the search warrant was clearly reasonable. The warrant was sought only after a controlled purchase had been completed. The officer then went before the magistrate with an affidavit stating that the informant had recently seen illegal narcotics in Clyburn's residence. In addition, the officer provided the magistrate with sworn oral testimony concerning the controlled buy involving Clyburn which had taken place at Clyburn's residence. The magistrate then made a determination that probable cause had been shown and issued the search warrant. As recognized by the Supreme Court, "an officer [ordinarily] cannot be expected to question the magistrate's probable cause determination or his judgment that the form of the warrant is technically sufficient." *Leon*, 468 U.S. at 921, 104 S.Ct. at 3419; *see also Massachusetts v. Sheppard*, 468 U.S. 981, 989–90, 104 S.Ct. 3424, 3428–29, 82 L.Ed.2d 737 (1984) (officer is not required to disbelieve a judge who just advised him that the warrant he possesses authorizes him to conduct the search he

requested). Furthermore, the officer testified at trial that he had obtained valid search warrants in the past on similar affidavits and therefore had no reason to suspect that the affidavit at issue here was constitutionally deficient. Accordingly, the officer's reliance on the warrant was objectively reasonable.

■ The defendants assert that the magistrate who issued the warrant may not have been neutral and detached because he had previously arranged for the informant to be released on bond so that he/she could participate in the Clyburn investigation. In *Leon*, the Supreme Court stated that officers may not reasonably rely on a warrant where the magistrate has wholly abandoned his neutral and detached role. 468 U.S. at 923, 104 S.Ct. at 3419. The defendants cite *Lo Ji Sales Inc. v. New York*, 442 U.S. 319, 326–27, 99 S.Ct. 2319, 2324–25, 60 L.Ed.2d 920 (1979), in support of their argument. In *Lo Ji Sales*, the Court held that the judge who issued the warrant "did not manifest that neutrality and detachment demanded of a judicial officer" because the judge took an active law enforcement type role in conducting the search. 442 U.S. at 326–27, 99 S.Ct. at 2324–25. In contrast, arranging for a prisoner to be released from jail on bond is clearly a judicial function routinely performed by state judges. Therefore, the defendants's reliance on *Lo Ji Sales* is misplaced. Accordingly, the court finds that the magistrate was neutral and detached, there being no additional evidence presented to the contrary.

■ The defendants argue that violations of South Carolina's search warrant statute require the suppression of the evidence seized pursuant to the Clyburn search warrant. Specifically, the defendants argue that unrecorded sworn oral testimony cannot be considered pursuant to S.C.Code Ann. § 17–13–140 (Law.Co-op. 1976). The defendant's argument has been foreclosed, however, by the South Carolina Supreme Court which has indicated that consideration of sworn oral testimony to

bolster a search warrant affidavit, insufficient on its face to establish probable cause, does not offend the statute. *See, e.g., State v. McKnight*, 291 S.C. 110, 352 S.E.2d 471, 472 (1987). Additionally, the defendants contend that suppression is required because of various violations of record keeping requirements for search warrants mandated by S.C.Code Ann. § 17–13–141 (Law.Co-op.1976). The state's failure to fulfill a ministerial requirement only voids the search warrant if the defendant demonstrates prejudice. *State v. Wise*, 272 S.C. 384, 252 S.E.2d 294, 295 (1979). Because the defendants fail to demonstrate any prejudice resulting from the failure to comply with record keeping requirements, the defendants' request to suppress the evidence on this ground is denied.

■ Finally, defendants assert that suppression of the evidence is required because the search warrant violated Rule 41(c) of the Federal Rules of Criminal Procedure which ordinarily requires that all information demonstrating probable cause be reduced to writing and included in the affidavit. *See* Fed.R.Crim.P. 41 advisory committee's notes. The Fourth Circuit recently held that "the test to be applied in determining whether a warrant must be obtained in compliance with Rule 41(a) is whether the warrant application was made "at the direction or urging of a federal officer." *United States v. Williams*, 977 F.2d 866 (4th Cir.1992) (quoting *United States v. Smith*, 914 F.2d 565, 569 (4th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991)).[6] No federal officers were involved in the issuance or execution of the Clyburn search warrant. Accordingly, Rule 41 is inapplicable.

For the foregoing reasons, the defendants' motion to suppress evidence is denied.

---

**6.** Fed.R.Crim.P. 41 establishes various technical requirements for federal search warrants designed to preserve the protections of the Fourth Amendment. Although *Williams* addressed vio-

lations of subsection (a) of Rule 41 while the defendants here assert violations of subsection (c) of Rule 41, the court finds the distinction immaterial.