500 S.E.2d 499

**The STATE, Respondent,**

v.

**Lorenzo Labell JONES and Melvin Patrick Riles, Appellants.**

**No. 2838.**

Court of Appeals of South Carolina.

Heard Jan. 6, 1998.

Decided May 4, 1998.

Rehearing Denied June 18, 1998.

Frederick A. Hoefer, II and Kevin M. Barth, of Harwell, Ballenger, DeBerry, Barth & Hoefer, Florence, for appellants.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Office of the Attorney General, Columbia; and Solicitor Dudley Saleeby, Jr., Florence, for respondent.

HOWARD, Judge:

This appeal presents the question of whether a police officer may tender a knowingly false affidavit to procure a search warrant, orally substituting truthful information to the issuing magistrate in order to establish probable cause. Lorenzo Labell Jones and Melvin Patrick Riles (Appellants) were convicted of trafficking in cocaine after a jury trial in which evidence was admitted which had been seized as a result of a search based on a warrant procured in this manner. They

appeal the denial of their motion to suppress the evidence. We reverse.[1]

## I. FACTS

Police officer Mike Freeman obtained information from a confidential informant that cocaine had been stored at Appellants' home in the past and a new shipment had just arrived. Based on this information, he prepared an affidavit and obtained a search warrant to search the home from the local magistrate. Police then searched Appellants' home where cocaine and other items were seized.

The affidavit read:

Over the past three weeks an *agent* of the Florence Combined Drug Unit has observed a quanity [sic] of cocaine being stored on the premises. That *agent* has been responsible for the seizure of illicit drugs and the arrest of illicit drug violators in the past. Information given by this *agent* has been corroborated by surveillance *agents* pertaining to this case.

(emphasis added).

At the suppression hearing, Freeman acknowledged he intentionally used the word "agent" in place of "confidential informant" in order to mislead the targeted Appellants when the warrant was served. When Freeman presented the affidavit, he told the magistrate he used the term "agent" in place of "confidential informant." The magistrate confirmed Freeman informed him of the use of "agent" instead of "confidential informant." However, the magistrate was still confused, indicating he thought the "agent" referred to in the affidavit was an undercover police officer.

The trial court denied Appellants' motion to suppress, ruling the magistrate had a substantial basis for concluding probable cause existed. The trial court found that the intentional falsity was cured when Freeman told the magistrate that he was using "agent" instead of "confidential informant."

---

1. Appellants also allege error in the trial court's admission of certain photographs into evidence and its refusal to provide Appellants with additional peremptory challenges. We need not address these issues since we reverse Appellants' convictions on the search warrant issue.

## II. ISSUE

Did the trial court err by denying Appellants' motion to suppress evidence seized pursuant to the search warrant for lack of probable cause?

## III. DISCUSSION

Appellants contend the trial court erred by refusing to suppress the evidence seized pursuant to the search warrant. They argue the magistrate had an insufficient basis for concluding probable cause existed due to the knowing and intentionally false use of "agent" instead of "confidential informant" in the affidavit. We agree.

The standard of review in an appeal challenging a search warrant for lack of probable cause is well established. "The task of a court reviewing a decision to issue a search warrant is simply to decide whether the issuing magistrate had a substantial basis for concluding that probable cause existed." *State v. Clifton,* 302 S.C. 431, 433, 396 S.E.2d 831, 832 (Ct.App. 1990) (citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)), *cert. dismissed,* 305 S.C. 85, 406 S.E.2d 337 (1991). "In deciding whether to issue a search warrant, the task of the magistrate is to make a practical, common sense decision whether, under the totality of the circumstances set forth in the affidavit, including the veracity of the person supplying the information and the basis of his or her knowledge, there is a fair probability that evidence of a crime will be found in a particular place." *Id.* "An affidavit must contain sufficient underlying facts and information upon which a magistrate may make a determination of probable cause. Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient." *State v. Smith,* 301 S.C. 371, 373, 392 S.E.2d 182, 183 (1990).

However, where false information is contained within the supporting affidavit, special consideration must be given. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held:

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false

statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155–56, 98 S.Ct. at 2676.

■ The facts of this case require application of the *Franks* test. Freeman admitted that the source of the information contained in the affidavit was a confidential informant. He also admitted knowingly and intentionally describing the informant as an "agent" instead of "confidential informant," intending it to mislead the reader to conclude the "agent" was a police officer and not an informant. The falsity of the term is undeniably established by the third and final sentence in the affidavit, which employs the same word to connote police officers. The clear implication from the affidavit is that Freeman received the information regarding the storage of cocaine at Appellants' home from a law enforcement officer.

■ The false statement is necessary to the finding of probable cause because it bears directly on the veracity of the person supplying the information, which is a crucial element of probable cause in the totality of the circumstances. *See, e.g., State v. Johnson,* 302 S.C. 243, 395 S.E.2d 167 (1990). It is self-evident that a magistrate must have truthful information in order to evaluate the veracity of the informant. Furthermore, the status of an informant is very important in determining his credibility. *See State v. Driggers,* 322 S.C. 506, 473 S.E.2d 57 (Ct.App.1996) (Eyewitnesses and non-confidential informants are often given a higher level of credibility when supplying information to support probable cause to search.).

■ Applying the *Franks* test, the affidavit's remaining content is insufficient to establish probable cause when the false material is set to one side. Redacting the first two sentences and the first phrase of the third sentence, all of which contain the false information, the only remaining phrase

provides only the source of corroboration but contains no information to establish a basis for probable cause.

■ However, the State contends that Freeman's sworn oral testimony gave the magistrate a substantial basis for concluding that probable cause existed because Freeman informed him the term "agent" was substituted for "confidential informant." South Carolina has an established rule allowing oral supplementation of warrant affidavits, despite a statutory requirement that search warrants be issued only upon sworn affidavits. S.C.Code Ann. § 17–13–140 (1985); *State v. Sachs,* 264 S.C. 541, 216 S.E.2d 501 (1975); *see also State v. McKnight,* 291 S.C. 110, 352 S.E.2d 471 (1987). "A search warrant affidavit which itself is insufficient to establish probable cause may be *supplemented* before the magistrate by sworn oral testimony." *McKnight,* 291 S.C. at 113, 352 S.E.2d at 472.

But, the issue in this case is not whether a warrant affidavit may be supplemented by oral testimony to the issuing magistrate. The question is whether the truthful information which forms the basis for establishing probable cause may be orally *substituted* for false information which is knowingly and intentionally, or with reckless disregard of the truth, provided in the affidavit.

We conclude this case is controlled by *State v. McKnight,* 291 S.C. 110, 352 S.E.2d 471 (1987). In that case officers obtained a search warrant based upon oral testimony, without an affidavit. The supreme court held suppression of the evidence was required because the statute is clear in compelling that the warrant be based upon a sworn affidavit. We conclude a rule of law which would permit oral testimony to supplant the false information contained in the affidavit in this case would violate the holding in *McKnight,* because it would sanction a mechanism for the total circumvention of this statutorily imposed requirement. Therefore, as a reviewing court, we cannot consider truthful information orally substituted for knowing and intentional or recklessly false information contained within a warrant affidavit in deciding whether an issuing magistrate had a substantial basis for concluding that probable cause existed.

It is important to mention what our holding does not do. First, our holding does not prevent oral *supplementation* of a warrant affidavit which contains false information. In other words, oral supplementation pursuant to *Sachs, supra,* is not affected by this decision so long as it does not supplant false information knowingly and intentionally, or recklessly, provided by the affiant. Second, our holding does not prevent oral *substitution* of truthful information for false information contained within an affidavit so long as the affiant does not knowingly and intentionally, or recklessly, provide it.

## IV. CONCLUSION

For the foregoing reasons, the convictions of Appellants are reversed, and the case is remanded for a new trial, with all evidence seized pursuant to the defective warrant excluded in accordance with this opinion.

**REVERSED and REMANDED.**

HOWELL, C.J., and CURETON, J., concur.