536 S.E.2d 675

**The STATE, Petitioner,**

v.

**Lorenzo Labelle JONES and Melvin Patrick Riles, Respondents.**

**No. 25188.**

Supreme Court of South Carolina.

Heard June 6, 2000.
Decided Aug. 21, 2000.

---

122

124

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia, and Solicitor E.L. Clements, III, of Florence, for petitioner.

Frederick A. Hoefer, II, and Kevin M. Barth of Harwell, Ballenger, Barth & Hoefer, L.L.P., for respondents.

PLEICONES, Justice:

We granted certiorari to review the Court of Appeals' holding in *State v. Jones*, 331 S.C. 228, 500 S.E.2d 499 (Ct.App.1998) that probable cause did not exist to issue a search warrant when the affidavit contained a false statement. We affirm.

## ISSUE

Did the Court of Appeals err in holding that a magistrate did not have a substantial basis for finding probable cause to issue a search warrant even when an affiant substituted truthful oral information for false information he had intentionally included in the affidavit?

## FACTS

The Drug Unit of the Florence Police Department received a tip from a confidential informant that cocaine had been stored at a particular home in Florence and that a shipment would be arriving that weekend. The informant described the van that would be used to transport the drugs, and told the officers that the van would pull behind the house, to prevent it from being seen from the road.

The Drug Unit set up surveillance of the house. After the arrival of the van, an officer took an affidavit for a search warrant to a magistrate. The affidavit stated:

Over the past three weeks an **agent** of the Florence Combined Drug Unit has observed a quantity of cocaine being stored on the premises. That **agent** has been responsible for the seizure of illicit drugs and the arrest of illicit drug violators in the past. Information given by this **agent** has been corroborated by surveillance **agents** pertaining to this case. (emphasis added).

The affiant, a police officer, verbally advised the magistrate that he had intentionally used the term "agent" instead of "informant" in the affidavit in order to protect the identity of his informant. The affiant truthfully repeated the information his informant had given him and also told the magistrate about the surveillance by police agents.

The magistrate found that probable cause existed to search the house and signed the warrant. Cocaine and other incriminating evidence were found in the house, and Lorenzo Labelle Jones and Melvin Patrick Riles (Defendants) were arrested.

Defendants moved during the trial to suppress the evidence obtained as a result of the search warrant, arguing that the informant was falsely identified as an "agent" in the affidavit. In an evidentiary hearing, the magistrate testified that even after the verbal information provided by the affiant, he was under the impression that the "agent/informant" was a police officer. And he would possibly have asked more questions had he known that such was not the case. The trial court denied Defendants' motion, holding that the magistrate had a substantial basis to find probable cause.

Defendants were convicted of trafficking cocaine, and sentenced to imprisonment of thirty years.

In *State v. Jones,* 331 S.C. 228, 500 S.E.2d 499 (Ct.App. 1998), the Court of Appeals reversed the trial court and remanded for a new trial. The Court of Appeals held that the evidence should be suppressed because the false affidavit circumvented the affidavit requirement of S.C.Code Ann. § 17–13–140 (1985) and *State v. McKnight,* 291 S.C. 110, 352 S.E.2d 471 (1987). The Court of Appeals then denied the State's petition for rehearing.

We granted certiorari, and now affirm.

### DISCUSSION

When reviewing a magistrate's decision to issue a search warrant, we must consider the totality of the circumstances. See *State v. Missouri,* 337 S.C. 548, 524 S.E.2d 394 (1999)(citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Although great deference must be given to a magistrate's conclusions,[1] a magistrate may only issue a search warrant upon a finding of probable cause. See *State v. Bellamy,* 336 S.C. 140, 519 S.E.2d 347 (1999).

A defendant has the right to challenge misstatements in a search warrant affidavit. See *Franks v. Dela-*

---

1. See *State v. Weston,* 329 S.C. 287, 494 S.E.2d 801 (1997).

*ware*,[2] 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Sachs*, 264 S.C. 541, 216 S.E.2d 501 (1975). A defendant is entitled to an evidentiary hearing if the following criteria are met: (1) the defendant's attack is more than conclusory and is supported by more than a mere desire to cross-examine; (2) the defendant makes allegations of deliberate falsehood or of reckless disregard for the truth which are accompanied by an offer of proof; and, (3) the affiant has made the allegedly false or reckless statement. Further, if the foregoing criteria have been met, and the remaining content is insufficient to find probable cause after the allegedly false or reckless material has been set aside, the defendant is entitled to his hearing, under the Fourth and Fourteenth Amendments. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 677.

█ In this case, the affidavit contained false information, i.e., the identification of the informant as an "agent." The affiant admitted to the magistrate that he had intentionally used the term "agent" to mislead Defendants. While the officer attempted to correct this false statement with truthful oral information, the testimony of the magistrate indicates that the officer did not, in fact, correct the magistrate's misunderstanding. The magistrate's assumption that the informant was an undercover police officer was not altered, and the magistrate relied upon the false statement when making his probable cause determination. This is made clear from the magistrate's testimony that he "possibility" [sic] would have questioned the affiant more extensively had he known the informant was not a police officer. Setting aside the first three mentions of "agent" in the affidavit means that only the corroborating evidence of the police "agents" ' surveillance of the residence would remain. This evidence alone is insufficient to establish probable cause. Under a *Franks* analysis, probable cause did not exist under the Fourth Amendment of the United States Constitution.

---

2. The State claims that the issue of whether or not the term "agent" in the search warrant affidavit is a false statement under a *Franks* analysis has not been preserved for review. However, the solicitor told the trial judge that the "controlling authority" in Defendants' pre-trial motion for suppression was *Franks*. The Defendants' attorney agreed, and the evidentiary hearing proceeded on that premise.

■■ The General Assembly has imposed stricter requirements than federal law for issuing a search warrant. Both the Fourth Amendment of the United States Constitution and Article I, § 10 of the South Carolina Constitution require an oath or affirmation before probable cause can be found by an officer of the court, and a search warrant issued. U.S. Const. amend. IV; S.C. Const. art. I, § 10. Additionally, the South Carolina Code mandates that a search warrant "shall be issued only upon affidavit sworn to before the magistrate, municipal judicial officer, or judge of a court of record...." S.C.Code Ann. § 17–13–140 (1985). Oral testimony may also be used in this state to supplement search warrant affidavits which are facially insufficient to establish probable cause. See *State v. Weston*, 329 S.C. 287, 494 S.E.2d 801 (1997). However, "sworn oral testimony, standing alone, does not satisfy the statute." *State v. McKnight*, 291 S.C. 110, 352 S.E.2d 471 (1987).

■ The Court of Appeals characterized the false affidavit as the equivalent of not having an affidavit at all, and held that § 17–13–140 had been violated since *McKnight* requires a written affidavit. This conclusion is logical, because if an affidavit is not truthful, then the magistrate must depend totally on information provided orally by the affiant in order to determine if probable cause exists.

■ The Court of Appeals also correctly concluded, that because of utilization of the false term in the affidavit, the veracity of the informant was not established under the "totality of the circumstances" test. Under the "totality of the circumstances" test, a reviewing court considers all circumstances, including the status, the basis of knowledge, and the veracity of the informant, when determining whether or not probable cause existed to issue a search warrant. See *State v. Bellamy*, 336 S.C. 140, 519 S.E.2d 347 (1999) and *State v. Driggers*, 322 S.C. 506, 473 S.E.2d 57 (1996) (nonconfidential informants and eyewitnesses have more credibility than confidential informants).

■ In this instance, the magistrate erroneously believed the confidential informant to have been a police officer, and indicated his view that in these circumstances, a police officer would be more credible than a confidential informant. There-

fore, we agree with the Court of Appeals that the magistrate did not have sufficient information about the informant's veracity to determine whether or not there was probable cause.

■ We agree with the Court of Appeals' holding that oral information may only be used by an affiant to supplement or to amend incorrect information in an affidavit which was not knowingly, intentionally, or recklessly supplied by the affiant. See *State v. Sachs*, 264 S.C. 541, 216 S.E.2d 501 (1975) and *State v. Workman*, 272 S.C. 146, 249 S.E.2d 779 (1978) (search warrant can be validly amended prior to execution by sworn oral communication to the issuing magistrate).

## CONCLUSION

Based on the foregoing discussion, the opinion of the Court of Appeals is **AFFIRMED**.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.