THIS OPINION HAS NO
PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 

THE STATE OF SOUTH CAROLINA

In The Court of Appeals

 

 

 
 
 The State,
 
 
 Respondent,
 
 

 

v.

 
 
 Anthony Griggs,
 
 
 Appellant.
 
 

 

 

__________

 

Appeal From Greenville County

 G. Edward Welmaker, Circuit Court Judge

 

__________

 

Unpublished Opinion No.  2010-UP-155

Submitted February 1, 2010  Filed
February 23, 2010

__________

 

AFFIRMED

__________

 

Appellate Defender LaNelle C. DuRant, of
Columbia, for Appellant.

 

Attorney General Henry Dargan McMaster, Chief
Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all
of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.

 

 

PER CURIAM: Anthony Griggs was convicted of possession of
marijuana with intent to distribute and trafficking in crack cocaine.  Griggs appeals
arguing the trial court should have suppressed drug evidence obtained during a
warrantless search of the house.   We affirm[1]
pursuant to Rule 220(b), SCACR, and the following authorities: Rule 220(c),
SCACR, (stating this court may affirm a trial court's ruling for any reason
appearing in the Record on Appeal); State v. McKnight, 291 S.C. 110,
114-15, 352 S.E.2d 471, 473 (1987) (stating a defendant who seeks to
suppress evidence on Fourth Amendment grounds must demonstrate a legitimate
expectation of privacy in connection with the searched premises in order to
have standing to challenge the search); State v. Missouri, 361 S.C. 107,
112, 603 S.E.2d 594, 596 (2004) ("A legitimate expectation of privacy
is both subjective and objective in nature: the defendant must show (1) he had
a subjective expectation of not being discovered, and (2) the expectation is
one that society recognizes as reasonable.").    

 

AFFIRMED.

 

PIEPER, GEATHERS, JJ., and
CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.