THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Phillip Maffei, Appellant.
 
 
 

Appeal From Colleton County
 Honorable George C. James, Jr., Circuit
Court Judge

Unpublished Opinion No. 2011-UP-079
 Submitted November 1, 2010  Filed
February 24, 2011    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of
 Columbia; I. McDuffie Stone, III,  of Bluffton, for Respondent.
 
 
 

PER
 CURIAM: 
 Phillip Maffei appeals his convictions for owning animals for the purpose of
 fighting, animal fighting, ill treatment of animals, and use of a structure for
 the purpose of animal fighting.  Maffei argues the trial court erred in (1)
 failing to suppress evidence obtained from his home as acquired pursuant to an
 invalid search warrant, and (2) failing to instruct the jury on section
 16-27-80 of the South Carolina Code (2003).[1] 
 We affirm pursuant to Rule 220(b)(1), SCACR, and the following authority:
As
 to issue (1): State v. Jones, 342 S.C. 121, 126, 536 S.E.2d 675, 678
 (2000) ("When reviewing a magistrate's decision to issue a search warrant,
 we must consider the totality of the circumstances.").
As
 to issue (2): State v. Lee, 298 S.C. 362, 364, 380 S.E.2d 834, 835
 (1989) (indicating the law to be charged to the jury is determined by the
 evidence presented at trial); State v. White, 361 S.C. 407, 412, 605 S.E.2d
 540, 542 (2004) (finding a trial court only commits reversible error if it
 fails to give a requested charge on an issue raised by the evidence).  
AFFIRMED. [2]
THOMAS,
 PIEPER, and GEATHERS JJ., concur.  

[1]  This section
 has been subsequently amended, but at the time of Maffei's arrest provided: 
This chapter shall not apply
 to dogs used for the purpose of hunting or for dogs used in field trials more
 commonly known as "water races," "Treeing Contests,"
 "Coon-on-a-log," "Bear-baying," or "Fox-pen-trials." 
 Such "Fox-pen-trials" must be approved by permit for field trials by
 the South Carolina Department of Natural Resources.
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.