**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Matthew Frazier, Appellant.

Appellate Case No. 2011-193426

Appeal From Beaufort County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2013-UP-280
Heard June 3, 2013 – Filed June 26, 2013

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Julie Kate Keeney, both of Columbia,
for Respondent.

**PER CURIAM:** Matthew Frazier appeals his convictions for trafficking cocaine,
possession with intent to distribute crack cocaine, and simple possession of
marijuana. He argues the trial court erred in denying his motion to suppress

evidence found during the execution of a search warrant, which Frazier alleges was facially insufficient to establish probable cause.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Dupree*, 354 S.C. 676, 687, 583 S.E.2d 437, 443 (Ct. App. 2003) ("An informant's controlled buy of drugs can constitute probable cause sufficient for a magistrate to issue a warrant."); *State v. Jon*es, 342 S.C. 121, 126-27, 536 S.E.2d 675, 678 (2000) (concluding a defendant in South Carolina may challenge misstatements in a search warrant affidavit); *State v. Davis*, 371 S.C. 412, 415-16, 639 S.E.2d 457, 459 (Ct. App. 2006) (describing the two-part test to determine if alleged misstatements in an affidavit render a search warrant invalid); *id.* at 416, 639 S.E.2d at 459 (explaining the first part of the test requires allegations and proof of either deliberate falsehood or reckless disregard for the truth); *id.* (explaining the second part of the test requires the court to determine if an allegedly false affidavit, with the false material set aside, is sufficient to establish probable cause).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**