530 P.2d 893

**STATE of Arizona, Appellee,**

v.

**Ida Cordova CAMARGO and Carlos Miranda Espinoza, Appellants.**

**No. 2 CA–CR 433.**

Court of Appeals of Arizona,
Division 2.

Jan. 22, 1975.

Review Granted March 25, 1975.

**48**

N. Warner Lee, former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Browning, Druke & Hawkins by John G. Hawkins, Tucson, for appellant Camargo.

John M. Neis, Pima County Public Defender, by Anne-Marie Brady, Asst. Public Defender, Tucson, for appellant Espinoza.

## OPINION

HOWARD, Chief Judge.

On May 30, 1974, police officers in Tucson searched the house of Carlos Espinoza. The search was pursuant to a warrant, based on information that a confidential informant had been in the home of Espinoza and had observed Espinoza in possession of heroin and cocaine. There was no information in the warrant regarding appellant Camargo. When the warrant was executed, there were two other individuals present, in addition to appellants. Various items of contraband were found in the bedroom, including heroin in the dresser drawers and a small bottle containing marijuana on the top of the dresser. At the time of the search, Espinoza claimed that all of the contraband was his. The two other individuals present stated that they were visitors, but appellant Camargo stated that she was the common law wife of Espinoza and slept in the same bedroom where the contraband was found.

Both appellants were tried for possession of heroin for sale and possession of marijuana. Espinoza was convicted on both counts. Appellant Camargo was acquitted of the heroin charge, but convicted on the charge of possession of marijuana.

■ Appellant Camargo contends the trial court erred in not revealing the identity of the informer because "it appeared obvious to the defense that the informant had provided some information about Ida to the police, the knowledge of which would clearly be relevant and helpful to the defense." The relevancy and helpfulness of the informant's identity escapes us. In State v. Castro, 13 Ariz.App. 240, 475 P.2d 725 (1970), this court held that a defendant must demonstrate a reasonable possibility that an anonymous informant could give evidence on the issue of guilt which might result in his exoneration before disclosure of the informant's identity will be compelled. Appellant Camargo failed to meet that burden. The court did not err in refusing to disclose the informant's name.

■ Appellant Espinoza challenges his sentence and the trial court's refusal to grant his motion to suppress. He was sentenced to two to four years in the Arizona State Prison for possession of marijuana and placed on probation for a period of ten years for the sale of heroin. Two conditions were attached to his probation: (1) That he be delivered at the commencement of probation to the federal officers for deportation; and (2) that he not enter the United States during the period of probation. Appellant Espinoza claims the conditions of probation constitute cruel and unusual punishment since he will be deported upon release from the prison. We do not agree. We do believe, however, that the trial court did not have the authority to impose the probation conditions. At the sentencing there was a discussion about the inevitability of the appellant, Espinoza, an alien, being deported. Title 8 U.S.C.A. § 1251(a)(11) provides for the deportation of any alien convicted of a narcotic offense. The question of deportation is exclusively under the jurisdiction of the federal government and under the direct con-

trol of the Attorney General of the United States who orders the deportation. The trial court cannot order appellant to be deported. Furthermore, entry into the United States by aliens is also exclusively governed by the federal government by virtue of 8 U.S.C.A. § 1182.[1] The conditions of probation concerning deportation and reentry are void.

Appellant Espinoza claims the court erred in failing to grant his motion to suppress. The affidavit supporting the search warrant states in part:

"On May 23, 74, your affiant received information from a confidential informant that CARLOS ESPINOZA, of 502 W. 17th St., Tucson, Arizona, Pima County, was selling narcotics. On this date, May 23, 1974, your affiant was told by the C.I. that a particular person was selling papers of heroin in the vicinity of 29th & Freeway. That your affiant to test the confidential informant's reliability, took the informant to this area and did in fact buy four papers of heroin. Prior to the reliability buy and after the reliability buy, the confidential informant was strip searched and his vehicle was also searched. Four papers of heroin were bought by the confidential informant with money given to him by this officer. The confidential informer was strip searched again and his vehicle was searched with negative results. The four papers of heroin bought by the confidential informant were analyzed by the Tucson Police Dept. Lab and the analysis was that, it was definitely heroin. This reliability buy was made under the close supervision and observation of your affiant. Your affiant definitely is aware and knows the confidential informant has been a heroin addict for the last six years and has used and sold narcotics himself. Your affiant also knows that the reliable confidential informant is presently on a drug program."

Appellant Espinoza makes two attacks on the affidavit. First, appellant contends that the act of "making" the informant reliable through one buy which leads neither to arrest nor conviction does not meet the reliability test enunciated in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We do not agree. The number of previous tips is only one element going to the issue of credibility, the ultimate test being whether the informant is trustworthy and capable of belief. State v. Hutton, 19 Ariz.App. 95, 505 P.2d 263 (1973), revd. on other grounds, 110 Ariz. 339, 519 P.2d 38 (1974). The controlled buy is evidence going to the trustworthiness and credibility of the informant and appears to raise the informant above the level of a gossipmonger. We hold that there was sufficient evidence of the informant's reliability to pass the *Aguilar* and *Spinelli* test.

Espinoza in his second attack on the affidavit, seeks to equate the facts with those in State v. Hutton, supra. In the *Hutton* case the defendant was in possession of and selling heroin on the street. He was not arrested until 14 hours later. Our Supreme Court held that there was no probable cause for arrest because of the time lapse, stating:

"Thus in the present case, the Officer, Jonovich, had reasonable cause for an arrest when the informant called him on August 12th, but after a lapse of some 14 hours, merely a suspicion, which he proceeded to confirm by an illegal search." 110 Ariz. at 341, 519 P.2d at 40.

The distinguishing characteristic between the case at bench and *Hutton* is that in *Hutton* the defendant was carrying narcotics on his person, a condition subject to rapid change. Here, however, the affidavit states that the informant personally saw " . . . the heroin and cocaine

---

1. Except for a narrow exception, appellant could not enter the United States if deported. See, 8 U.S.C.A. §§ 1182(a)(9) and 1182(h).

**50**

within the last 72 hours in the possession of CARLOS ESPINOZA, at 502 W. 17th St., Tucson, Arizona, Pima County." The address is the residence of Espinoza. *Hutton* is not on point and the trial court did not err in failing to suppress the evidence secured by virtue of the search warrant. See Annot., 100 A.L.R.2d 525 (1965).

The conditions of Espinoza's probation relating to deportation and reentry are set aside. The judgments of both defendants are in all other respects affirmed.

HATHAWAY, and KRUCKER, JJ., concur.