21414

The STATE, Appellant, v. William VIARD, Sr., and Bonnie Cox Viard, Respondents.

(276 S. E. (2d) 531)

148

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Buford S. Mabry* and *B. J. Willoughby* and *Staff Atty. E. Bart Daniel,* Columbia, *for appellant.*

*Paul N. Uricchio, Jr., Paul N. Uricchio, III,* and *Alan D. Toporek, Uricchio, Howe & Krell,* Charleston, *for respondents.*

March 23, 1981.

*Per Curiam:*

This is a search and seizure case. A confidential informant made a *controlled buy* of drugs at the residence of respondents, William Viard, Sr., and Bonnie Cox Viard. The resi-

dence was searched, pursuant to a warrant, and a quantity of drugs seized. Respondents moved for and were granted a motion to suppress the drugs. We reverse.

The trial judge held the affidavit supporting the search warrant did not contain information about the informant's reliability and failed to set forth sufficient underlying facts to enable the magistrate to make an independent finding of probable cause. The State asserts a common-sense interpretation of the affidavit as a whole overcomes any alleged deficiency. See: *U. S. v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684 (1965); *State v. Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621 (1976).

A reviewing court should accord deference to the magistrate's determination of probable cause. *State v. Sullivan, supra.* Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Ventresca,* 85 S. Ct. at 746; *State v. Bennett,* 256 S. C. 234, 182 S. E. (2d) 291 (1971).

In determining the sufficiency of the affidavit, the applicable standard is the tests set forth in *Aguilar v. Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723 (1964); *Spinelli v. U. S.,* 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969); and *U. S. v. Harris,* 403 U. S. 573, 91 S. Ct. 2075, 29 L. Ed. (2d) 723 (1971).

*Spinelli* addresses the special problem the criminal informant presents. It is necessary to establish the reliability of the informant and the reliability of the information on the particular occasion. See 54 Cornell Law Review 958 (1969). The corroborating information can be hearsay, *U. S. v. Meyer,* 536 F. (2d) 963, 965 (1st Cir. 1976); *State v. Beal,* 40 Wis. (2d) 607, 162 N. W. (2d) 640 (1968), and can represent the police officer's own investigative survey. *U. S. v. Stallings,* 413 F. (2d) 200 (7th Cir. 1969). Affidavits must be judged on the facts presented

and not on the precise wording used. *U. S. Harris, supra;* 7 Criminal Law Bulletin 726.

These cases hold that an affidavit based upon information supplied by a confidential informant (1) must describe some of the underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informant's conclusion the drugs are where he claimed they were and (2) must describe some of the underlying circumstances from which the magistrate can determine the affiant-officer's unnamed informant was "credible" or his information "reliable."

■ Although reliability may be established by the informant having previously supplied accurate information, this is not the exclusive means by which credibility may be shown. Reliability can also be established by the independent verification of the information, prior to the search. See: *State v. Camargo,* 23 Ariz. App. 47, 530 P. (2d) 893 (1975) ; *State v. Bullard,* 267 N. C. 599, 148 S. E. (2d) 565 (1966).

■ Here, the warrant must be upheld not on the basis of the past credibility of the informant, but upon the independent verification of facts by the affiant. The information furnished by the informant taken as a whole in the light of all of the circumstances disclosed is reliable. Moreover, the *controlled buy* was evidence of the credibility and trustworthiness of the informant. See: *Camargo, supra; Tamburino v. Commonwealth,* 218 Va. 821, 241 S. E. (2d) 762 (1978).

■ Although the affidavit was inartfully drawn, a common-sense reading of it supports the magistrate's finding of probable cause. Affiant alleged his informant had been at the residence, saw drugs there within the past 72 hours, and purchased drugs during a *controlled buy* which field tested positive for depressants. We conclude the

affidavit contained sufficient underlying facts and information upon which the magistrate made her independent determination of probable cause.

The order granting respondents' motion to suppress is reversed and the case remanded for trial.

Reversed and remanded.