23218

The STATE, Respondent v. Reginald J. SMITH, Appellant.

(392 S.E. (2d) 182)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard April 3, 1990.

Decided May 29, 1990.

CHANDLER, Justice:

Appellant Reginald Smith was convicted of armed robbery and sentenced to twenty-one years imprisonment.
We remand.

## FACTS/DISCUSSION

Smith was indicted for the armed robbery of a Master Host Inn in Charleston, South Carolina. Prior to trial, Smith moved to suppress from evidence a knife, allegedly used in the robbery, which was seized from his motel room pursuant to a search warrant. The affidavit supporting the warrant states:

> That on May 12th at approximately 11:45 p.m. Reginald Jerome Smith went into the Master Inn located at 1468 Savannah Hwy., Charleston, S. C. and he then robbed the manager at knife point. Smith has been staying at The Host of American Room 216 since Jan. 1, 1988 and there is every reason to believe the weapon and clothes used in the robbery will be located in the room. This information was confirmed in person by Sgt. Sherman on 05/13/88.

This affidavit is defective on its face. An affidavit must contain sufficient underlying facts and information upon which a magistrate may make a determination of probable cause. *State v. Viard,* 276 S.C. 147, 276 S.E. (2d) 531 (1981). Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient. "[H]is action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates,* 462 U.S. 213, 239, 103 S. Ct. 2317, 2333, 76 L. Ed. (2d) 527, 549 (1983).

Here, the affidavit sets forth no facts as to *why* police believed Smith robbed the Master Host Inn. Although the record reveals that police relied upon information from an informant, there is no indication that this fact was made known to the magistrate, or that the magistrate made any determination of the informant's reliability.

Accordingly, the case is remanded to the trial court for a hearing. If it be determined that sufficient oral testimony was presented to the Magistrate,[1] the judgment is affirmed; if not, Smith is entitled to a new trial and suppression of the illegally obtained evidence.

Smith's remaining exception is affirmed pursuant to Supreme Court Rule 23; *State v. Lewis,* 293 S.C. 107, 359 S.E. (2d) 66 (1987) (Exception II).

Remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[1] *See, State v. McKnight,* 291 S.C. 110, 352 S.E. (2d) 471 (1987).