494 S.E.2d 801

The STATE, Respondent,

v.

Kelvin WESTON, Appellant.

No. 24724.

Supreme Court of South Carolina.

Heard Oct. 9, 1997.

Decided Dec. 15, 1997.

288

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General John P. Riordan, Columbia, for respondent.

TOAL, Justice:

Appellant Kelvin Weston was convicted of murder and armed robbery. On appeal, Weston challenges the validity of a search warrant and argues that the evidence seized pursuant to such search warrant should have been suppressed at trial. We reverse and remand for a new trial.

## Factual/Procedural Background

On August 31, 1994, Addie Lee Scott Argoe left her residence at 2224 Manse Street at around 7:00 p.m., locking both locks of her front door. James G. Alford lived with Argoe and remained in the house after Argoe left. When Argoe returned at 8:45 p.m., she found the front door ajar and Alford lying face down on the floor. Alford's pants' pockets were pulled out and money was missing from his wallet. The police later concluded that Alford had been shot and killed with a .25 caliber bullet.

On September 16, 1994, Claude Crumlin provided police with a written statement concerning an incident which occurred on March 18, 1994. Crumlin claimed that Kelvin Weston had attempted to rob him at gun point. Based on Crumlin's statement, warrants were issued on September 16, 1994, for Weston's arrest.

In the early afternoon of September 19, 1994, police went to a Chevron Station on Main Street to seize Weston's 1978 Datsun. After towing the Datsun to the City Police Department, police obtained a search warrant from a ministerial recorder to search its contents. Police stated in the search warrant that they were searching for property related to the Crumlin crime. The affidavit supporting the search warrant provided:

> On March 18, 1994 at approx 2245 hours the victim (Claude Crumlin) was the victim of an armed robbery and assault with intent to kill at 5126 Farrow Rd. The defendant in this incident is a Kelvin Weston. Kelvin Weston, by S.C. highway depts., is the registered owner of the above listed vehicle. Also investigation revealed through witness in this matter that defendant was driving above vehicle at the time of the incident. The search for the above items are needed to fully complete this investigation.

The search was conducted on September 19, at 2:59 p.m. During the search, police discovered a box of .25 caliber bullets. Police forwarded the bullets to the FBI for elemental composition analysis. An FBI agent would later testify at trial that the elemental composition of the .25 caliber bullets found in Weston's Datsun matched the elemental composition of the .25 caliber bullet which killed Alford.

On November 13–16, 1995, Weston was tried for the murder and armed robbery of Alford. He was found guilty on both charges and sentenced to life imprisonment for murder and thirty years for armed robbery.

Weston appeals, raising, *inter alia,* the following issue:

Did the trial court err in refusing to suppress ammunition seized from Weston's car because the affidavit underlying the search warrant was insufficient to support a finding of probable cause?

### LAW/ANALYSIS

A search warrant may issue only upon a finding of probable cause. *State v. Owen,* 275 S.C. 586, 274 S.E.2d 510 (1981). Under S.C.Code Ann. § 17–13–140 (1985), a search warrant may be issued "only upon affidavit sworn to before the magistrate . . . establishing the grounds for the warrant." A search warrant that is insufficient in itself to establish probable cause may be supplemented by sworn oral testimony. *State v. Johnson,* 302 S.C. 243, 395 S.E.2d 167 (1990). A reviewing court should give great deference to a magistrate's determination of probable cause. *State v. Crane,* 296 S.C. 336, 372 S.E.2d 587 (1988).

Weston argues that the affidavit underlying the search warrant in this case was insufficient to support a finding of probable cause. We agree.

In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court rejected the application of a rigid two-pronged test in which an informant's veracity and basis of knowledge were considered as separate and independent requirements to finding probable cause. Instead, the Court adopted a totality of the circumstances test where veracity and basis of knowledge were relevant to, but not inflexible requirements of, a determination of probable cause:

The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that

contraband or evidence of a crime will be found in a particular place.

*Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548; *accord State v. Johnson,* 302 S.C. 243, 395 S.E.2d 167 (1990); *State v. Williams,* 297 S.C. 404, 377 S.E.2d 308 (1989). Under this formula, veracity and basis of knowledge are treated "as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for ... conclud[ing] that probable cause existed." *Id.* at 238–39, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

■ Since *Gates,* we have found in only two cases that an affidavit was insufficient to establish probable cause. In *State v. Smith,* 301 S.C. 371, 392 S.E.2d 182 (1990), this Court considered an affidavit which read:

That on May 12th at approximately 11:45 p.m. Reginald Jerome Smith went into the Master Inn located at 1468 Savannah Hwy., Charleston, S.C. and he then robbed the manager at knife point. Smith has been staying at the Host of America Room 216 since Jan. 1, 1988 and there is every reason to believe the weapon and clothes used in the robbery will be located in the room. This information was confirmed in person by Sgt. Sherman on 05/13/88.

We held that the affidavit was defective because it "set forth no facts as to *why* police believed Smith robbed the Master Host Inn." *Smith,* 301 S.C. at 373, 392 S.E.2d at 183. We stated, "Mere conclusory statements which give the magistrate no basis to make a judgment regarding probable cause are insufficient." *Id.* In *State v. Johnson,* we found that an affidavit was defective because "it [did] not set forth any information as to the reliability of the informant nor was the information corroborated." *Johnson,* 302 S.C. at 247, 395 S.E.2d at 169.

■ In this case, the affidavit failed to set forth any facts as to why police believed Weston committed the Crumlin crime. The first three sentences of the affidavit were mere conclusory statements. While the fourth sentence provided information

linking Weston to his car at the time of the incident, it offered nothing to link Weston or the Datsun to the Crumlin crime itself. Additionally, there was absolutely nothing on the face of the affidavit from which the ministerial recorder could have assessed the veracity and basis of knowledge of the informant. Therefore, based on the totality of the circumstances, we find the affidavit could not have provided the ministerial recorder with a substantial basis for finding probable cause to search Weston's car.

A search warrant that is insufficient in itself to establish probable cause may be supplemented by sworn oral testimony. *See Johnson,* 302 S.C. 243, 395 S.E.2d 167. In this case, during the hearing on pretrial motions, the trial judge asked the prosecutor if the affiant had supplemented the warrant with any oral testimony before the ministerial recorder. The prosecutor stated that neither the affiant nor the ministerial recorder could remember, and it was not the practice of the ministerial recorder to ask questions.

The State argues that probable cause had already been established by another magistrate who issued arrest warrants for Weston on September 16, 1994. The finding of probable cause for these arrest warrants was based on a detailed statement provided by Crumlin identifying Weston as the perpetrator. However, the arrest warrants and Crumlin's statement were not included in the affidavit or search warrant. Consequently, they could not have been part of the basis for finding probable cause to search Weston's car.

■ The State argues that the search warrant should be upheld under *United States v. Leon,* 468 U.S. 897, 920, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677 (1984). We disagree. In *Leon,* the Supreme Court carved out a good faith exception to the exclusionary rule. The Court held that when an officer acting in objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope, a reviewing court should not order a suppression of the evidence based on a lack of probable cause. The Court went on to list three situations in which it had, in the past, held that deference to a magistrate's finding of probable cause was not warranted:

> *First,* the deference accorded to a magistrate's finding of probable cause does not preclude inquiry into the knowing

or reckless falsity of the affidavit on which that determination was based ... *Second,* the courts must also insist that the magistrate purport to "perform his 'neutral and detached' function and not serve as a rubber stamp for the police." ... *Third,* reviewing courts will not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause."

*Leon,* 468 U.S. at 914–15, 104 S.Ct. at 3416, 82 L.Ed.2d at 693 (emphasis added). However, the Supreme Court observed that "[o]nly in the first of these situations ... has the Court set forth a rationale for suppressing evidence obtained pursuant to a search warrant; in the other areas, it has simply excluded such evidence without considering whether the Fourth Amendment interests will be advanced." *Id.* at 915–16, 104 S.Ct. at 3417, 82 L.Ed.2d at 694.

In *State v. Johnson,* we interpreted *Leon* as precluding application of the good-faith exception when an affidavit fails to provide a magistrate with a substantial basis for finding probable cause.[1] However, *Johnson* should not be read as prohibiting application of the good-faith exception every time an affidavit fails to satisfy the technical requirements of *Gates.* Suppression is appropriate in only a few situations, including when an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699. We find the affidavit in this case lacked any indicia of probable cause. Therefore, the good-faith exception would not apply.

We hold that the ministerial recorder lacked any basis for finding probable cause. We therefore find the trial court erred in refusing to suppress the ammunition.

### CONCLUSION

For the foregoing reasons, this matter is REVERSED and REMANDED for a new trial.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

1. The Fourth Circuit reached the same conclusion in *United States v. Wilhelm,* 80 F.3d 116 (4th Cir.1996).