THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
 James
 Young,        Appellant.
 
 
 

Appeal From Orangeburg County
Luke N. Brown, Jr., Special Circuit 
 Court Judge

 Unpublished Opinion No. 2003-UP-071
Heard September 11, 2002 - Filed January 
 24, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for 
 appellant. 
Attorney General Henry Dargan McMaster, Attorney General 
 John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all 
 of Columbia; and Solicitor Walter M. Bailey, of Summerville, for respondent.
 
 
 

PER CURIAM:  A jury convicted James Young 
 of trafficking in crack cocaine and possession with intent to distribute same 
 within proximity of a school or park.  He appeals, arguing the trial court erred 
 in overruling his motion to suppress and in admitting evidence of a prior drug 
 transaction.  We affirm.  
 
 FACTS/PROCEDURAL HISTORY
 On May 11, 1999, former Holly Hill police officer 
 Mark Wright was involved in an undercover narcotics buy by Alvin Thomas, a 
 confidential informant.  According to Wright, Thomas was monitored as he went 
 to the buy location at 1204 Unity Road.  Thomas conducted the transaction 
 with Evelyn Green, James Young=s co-defendant.  Young, who had a daughter 
 with Green, sometimes lived in her house.  The substance purchased by Thomas 
 was later determined to be 0.18 grams of crack cocaine.  Based on this undercover 
 buy, police obtained a warrant to search Green=s home on Unity Road.  
 On March 19, 1999, Orangeburg detectives Jerry 
 Brown and John  Cokely executed the warrant at "James and Evelyn's
 residence."  Brown and Cokely entered the residence through the back door, went down a 
 hall, and saw Young in the living room.  According to Brown, Young was
 "peeping" 
 at them down the hall but waited until the officers had nearly reached him 
 before turning, apparently panicked, lifting up a chair cushion, and placing 
 something under it.  Brown subsequently discovered and seized several baggies 
 of crack cocaine from under the cushion, later identified as weighing 2.72 
 grams, 1.21 grams, and 14.72 grams.  
 An Orangeburg County grand jury indicted Green 
 and Young for trafficking in crack cocaine and possession with intent to distribute 
 within proximity of a school or park.  At a joint trial the jury acquitted 
 Green but convicted Young on both charges, and the trial court sentenced him 
 to concurrent terms of thirty and ten years, respectively.  This appeal followed.   
 
 LAW/ANALYSIS 
 
Young first argues the trial court erred in denying 
 his motion to suppress, because the search of Green=s home resulted from a warrant 
 that failed to set forth probable cause sufficient to satisfy the requirements 
 of the Fourth Amendment.  Specifically, Young argued the warrant did not provide 
 a basis to conclude probable cause existed because it failed to address the 
 reliability of Alvin Thomas, the confidential informant relied upon.  Although 
 the solicitor agreed the warrant was facially insufficient, he maintained it 
 was adequately supplemented by additional information provided to the magistrate 
 by the officer who obtained the warrant.  We agree.   
Jeff Younginer of the Holly Hill police department 
 testified in camera that he obtained the search warrant from a municipal judge.  
 In regard to Thomas, Younginer testified as follows:  

A. Yes, sir.  Well, on this particular case [the judge] read 
 the warrant and asked me who the confidential informant was, and I told him.  
 He wasn't really familiar with him, so I told him that he had given me good 
 information in the past, and that he had made this buy for us.
Q. And did [the judge] know the buy was controlled?
A. Yes, he did.
Q.  Okay.  And did that information prove reliable?
A. It did prove to be reliable.  
On cross-examination, Younginer further stated:  

A: I told [the judge] . . . that I had worked with [Thomas] 
 in the past and asked him about different people that were doing things around 
 town, and he had told me, and that had proven, you know, --
Q: To be reliable?
A: To be good.  And that on this occasion that he had gone 
 B that we had searched him and he had gone and made the buy and come back with 
 the drugs. 

When deciding whether to issue a search warrant, 
 the job of the magistrate is "to make a practical, common sense decision as 
 to whether, under the totality of the circumstances set forth in the affidavit, 
 there is a fair probability that evidence of a crime will be found in a particular
place."  State v. Arnold, 319 S.C. 256, 259, 460 S.E.2d 403, 405 (Ct. 
 App. 1995).  This Court, in reviewing that decision, must determine
"whether 
 the magistrate had a substantial basis for concluding probable cause
existed."  Id.  Although an appellate court should consider the totality of the 
 circumstances in reviewing a determination of  probable cause, see State 
 v. Jones, 342 S.C. 121, 536 S.E.2d 675 (2000), it may only consider information 
 that was brought to the magistrate=s attention.  Arnold, 319 S.C. at 
 259, 460 S.E.2d at 405.  
In making his decision, the magistrate must consider 
 the veracity of the person supplying information to support the warrant along 
 with the basis of his  knowledge.  State v. Robinson, 335 S.C. 620, 518 
 S.E.2d 269 (Ct. App. 1999).  It is well settled, however, that a search warrant 
 insufficient in itself to establish probable cause "may be supplemented by sworn 
 oral testimony."  State v. Weston, 329 S.C. 287, 290, 494 S.E.2d 801, 
 802 (1997); see State v. Adolphe, 314 S.C. 89, 92, 441 S.E.2d 
 832, 833 (Ct. App. 1994) ("If the affidavit standing alone is insufficient to 
 establish probable cause it may be supplemented by sworn oral testimony before 
 the magistrate.").  Although the affidavit in this instance provided no information 
 to the magistrate about Thomas, Younginer's sworn, in camera testimony sufficiently 
 supplemented the affidavit to sustain a finding of probable cause.  
Young further argues the trial court erred in permitting 
 the State to introduce evidence of the drug transaction that occurred on March 
 11 in violation of State v. Lyle, 125 S.C. 406, 118 S.E. 803 (1923).  
 This issue is not preserved for review.  
The record reveals Green's attorney moved 
 in limine to exclude evidence of the March 11 drug sale, which the trial court 
 denied.  However, there is absolutely no indication in the record that
Young's 
 attorney either made a similar motion or joined in the one made by his co-defendant.  
 Accordingly, the issue is not preserved for appeal.  See State v. 
 Nichols, 325 S.C. 111, 123, 481 S.E.2d 118, 124 (1997) ("[An] appellant 
 may not use the objection of another defendant to gain review."); State v. 
 Brannon, 347 S.C. 85, 552 S.E.2d  773 (Ct. App. 2001) (stating an appellant 
 may not bootstrap an appeal issue by way of his co‑defendant=s objection).  

AFFIRMED.  
GOOLSBY, HOWARD, and SHULER, JJ., concur.