THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Timothy Dinkins, Appellant.
 
 
 

Appeal From Richland County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2006-UP-303
Heard June 6, 2006  Filed June 30, 2006

AFFIRMED

 
 
 
Alexandre Thomas Postic and Melissa Jane Reed Kimbrough, both of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, and Solicitor Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Timothy Dinkins appeals his conviction for drug trafficking.  He asserts the trial judge erred in failing to suppress evidence obtained pursuant to a defective search warrant and in refusing to provide the jury with an additional charge on actual knowledge.  We affirm.  
FACTS
On April 15, 2002, Narcotics Agent John Lutz received a tip from a first-time confidential informant about suspected drug activity conducted by Dinkins in a Richland County apartment.  The informant indicated he had verbal confirmation from Dinkins that Dinkins had a large amount of cocaine in his possession and that he had sold some.  The informant also provided information regarding the type of vehicle or vehicles Dinkins used.  Based upon that tip, Lutz set up surveillance of the apartment.  Later that day, Lutz and another narcotics agent watched Dinkins drive up to the apartment in a vehicle fitting the description provided by the informant, drop off some dry-cleaning, and depart.  According to Lutz, Dinkins was then observed traveling on Interstate 20 at a high rate of speed.  Dinkins was stopped by another police officer for the traffic offense, and Lutz, who had been surveilling Dinkins, arrived shortly thereafter.  At the traffic stop, Lutz asked Dinkins where he lived.  Dinkins told Lutz he lived in Bishopville and did not mention the apartment.  
After the traffic stop, Lutz submitted to the magistrate an affidavit in support of a search warrant for the apartment.  The affidavit included the informants tip and police officers confirmation of Dinkins residence and the cars he might be driving.  The affidavit also contained Dinkins criminal record, which included prior convictions for illegal drug possession, and the fact that, according to Lutz, Dinkins lied about where he lived and his activities immediately prior to the traffic stop.  Based on Lutzs affidavit, the magistrate issued a search warrant for the apartment.  Lutz executed the search warrant and found a large quantity of cocaine in the apartments laundry room closet.  
Before opening statements, Dinkins moved to suppress the cocaine alleging the search warrant lacked probable cause.  The trial judge denied the motion, finding probable cause supported issuance of the search warrant.  After the presentation of all evidence, the judge submitted the case to the jury.  During deliberations, the jury asked the trial judge whether proof of knowledge was required to convict Dinkins of trafficking.  At that time, Dinkins requested an additional charge on actual knowledge, which the State contested.  The trial judge did not provide this additional charge, but sent his written instructions to the jury room.  
The jury convicted Dinkins of drug trafficking, and the judge sentenced him to twenty-seven years imprisonment.  
LAW/ANALYSIS
Dinkins raises two issues on appeal:  (1) whether the trial judge erred in denying Dinkins motion to suppress drug evidence recovered pursuant to a defective search warrant; and (2) whether the trial judge erred in refusing to provide the jury with an additional charge on actual knowledge. 
I.       Motion to Suppress 
Dinkins argues the search warrant is defective for lack of probable cause.  We disagree.[1]  
In criminal cases, an appellate court sits only to review errors of law. State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  In an appeal from a motion to suppress evidence based on Fourth Amendment grounds, an appellate court may conduct its own review of the record to determine whether the evidence supports the circuit courts decision.  State v. Abdullah, 357 S.C. 344, 349-50, 592 S.E.2d 344, 347 (Ct. App. 2004).  
A search warrant may be issued only upon a finding of probable cause.  State v. Bellamy, 336 S.C. 140, 143, 519 S.E.2d 347, 348 (1999).  An appellate court reviewing the magistrates decision to issue a search warrant determines whether the magistrate had a substantial basis for concluding probable cause existed.  State v. Weston, 329 S.C. 287, 291, 494 S.E.2d 801, 803 (1997); State v. Dupree, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003).  This review, like the determination by the magistrate, is governed by the totality of the circumstances test.  Id.  
The task of a magistrate in determining whether to issue a warrant is to make a practical, common sense decision as to whether, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place.  Illinois v. Gates, 462 U.S. 213, 238 (1983); State v. Baccus, 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006).  This decision includes consideration of the veracity of the person supplying the information and the basis of his or her knowledge.  Id.  The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause.  State v. Smith, 301 S.C. 371, 373, 392 S.E.2d 182, 183 (1990); State v. Philpot, 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct. App. 1995).  
We believe, under the totality of the circumstances, the search warrant was properly issued.  First, Lutzs affidavit presented the magistrate with the informants tip that Dinkins was a major supplier of crack cocaine who manufactured crack at the apartment.  Furthermore, it indicated that the vehicle information provided by the informant was corroborated by police surveillance.  Second, the affidavit referenced Dinkins prior convictions for illegal drug possession, including possession of crack cocaine and possession with intent to distribute marijuana.  See U.S. v. Melvin, 419 F.2d 136, 141 (D.S.C. 1969) (holding that evidence of prior convictions of similar crimes should be afforded some weight in a probable cause determination although standing alone such convictions may not sustain a warrant).  Third, the affidavit indicated that Dinkins lied to Lutz about his residence and his activities prior to the traffic stop.  
We recognize the tip in this case came from a first-time informant.  Typically, when seeking a warrant based on information from an informant, there is a recitation that the informant is deemed reliable.  Obviously, that is not possible in the case of a first-time informant.  However, here, as a result of the information provided, surveillance of the apartment revealed that at least a portion of the information was accurate.  Additionally, the information from the informant was just one of numerous factors that, taken together, support a finding of probable cause for the issuance of the search warrant for the apartment.  We therefore find the magistrate did not err in issuing the search warrant, nor did the trial judge in refusing to suppress the evidence obtained as a result of its execution.
II.      Jury Charge
Dinkins argues the trial judge erred in refusing to make an additional charge on actual knowledge.  We disagree. 
An appellate court will not reverse the trial judges decision regarding jury instructions absent an abuse of discretion.  Clark v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).  An abuse of discretion occurs when the trial judges ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.  Id.  Jury instructions must be read in light of the entire charge and the facts of the case.  Cole v. S.C. Elec. & Gas, Inc., 355 S.C. 183, 191, 584 S.E.2d 405, 410 (Ct. App. 2003).  If the charge as a whole is reasonably free from error, isolated portions of the charge that might be misleading do not constitute reversible error.  Id.  The trial judges refusal to give a requested jury instruction must be both erroneous and prejudicial to warrant reversal.  State v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002). 

S.C. Code § 44-53-370(c) (2002) provides:
 
It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
 

Possession may be proved by direct or circumstantial evidence, and it may be actual or constructive.  State v. Mollison, 319 S.C. 41, 45, 459 S.E.2d 88, 91 (Ct. App. 1995).  Actual possession occurs when the drugs are found to be in the actual physical custody of the person.  Id.  Constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found.  Id.  

The trial judge charged the jury as follows:
 
[Y]ou must determine if the State has proved beyond a reasonable doubt that the defendant was knowingly in actual or constructive possession of 400 grams or more of cocaine . . . .  I will now define to you certain terms.  Knowingly is defined as with knowledge, consciously, or willfully.  Actual or constructive possession.  Proof of possession requires more than proof of mere presence at the place where the thing allegedly possessed is found.  The State must prove beyond a reasonable doubt that the accused had both[,] one, the power, that is the actual or constructive control; and, two, the intent to control its disposition or use. . . .  Constructive control occurs when the person charged with possession has dominion and control over either the object or the premises upon which it is found.  It is enough for constructive control that the accused has the right to exercise dominion and control over the thing allegedly possessed. . . .  Each element of the offense must be proved beyond a reasonable doubt in order to find this defendant guilty of the crime charged.
 

After the judge issued this charge, the jury deliberated.  Before rendering a verdict, however, the jury asked the judge the following question:  Is any proof of knowledge required?  
At this juncture, Dinkins requested the trial judge give the jury an additional charge on actual possession.  The trial judge refused, but provided the jury a written version of his instructions.  In light of the fact that the written instructions clearly indicate knowledge is an element of trafficking that the State must prove beyond a reasonable doubt, as well as the propriety of the jury charge as whole, the judge did not abuse his discretion in refusing to give the jury an additional charge on actual knowledge.  Accordingly, the trial judges order is 
 AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

[1] As an initial matter, there is some question whether this issue is preserved for appeal.  Although Dinkins objected to the introduction of the drug evidence before trial, he did not make a contemporaneous objection to the introduction of the drug evidence at trial.  However, where a judge makes a ruling on the admission of evidence on the record immediately prior to the introduction of the evidence in question, the aggrieved party does not need to renew the objection.  State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001).  The evidence sought to be excluded was brought in through the States first witness and the only evidence introduced prior to the admission of the cocaine was photographs of the apartment and the various related drug paraphernalia contained therein.  Because Dinkins objection was arguably preserved, we address the merits of his appeal.