THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Bobby James
 Rippy, Appellant.
 
 
 

Appeal From Dillon County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2012-UP-167
 Submitted February 1, 2012  Filed March
7, 2012    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold Coombs, Jr., all of
 Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for
 Respondent.
 
 
 

PER CURIAM: Bobby
 James Rippy appeals his convictions for second-degree burglary and larceny,
 arguing the trial court erred in denying his motion to suppress evidence found
 at his residence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:  State v. Baccus, 367 S.C. 41, 50,
 625 S.E.2d 216, 221 (2006) (noting the duty of an appellate court reviewing the
 issuance of a search warrant is to ensure the magistrate had a substantial
 basis upon which to conclude that probable cause existed); id. (stating that a magistrate may issue a search
 warrant upon a finding of probable cause, a determination requiring him
 "to make a practical, common-sense decision
 whether, given all the circumstances set forth in the affidavit before him,
 including the veracity and basis of knowledge of persons supplying hearsay
 information, there is a fair probability that contraband or evidence of a crime
 will be found in a particular place" (quoting Illinois v. Gates,
 462 U.S. 213, 238 (1983) (internal quotation marks omitted)); State v. Weston, 329 S.C. 287, 290, 494
 S.E.2d 801, 802 (1997) ("A search warrant that is insufficient in itself
 to establish probable cause may be supplemented by sworn oral testimony."); State v. Arnold, 319 S.C. 256, 260-61, 460 S.E.2d 403, 405-06 (Ct. App.
 1995) (holding an affidavit indicating appellant's presence during a burglary
 in close proximity to the place burglarized and his connection to the place
 provided the magistrate with a substantial basis for concluding probable cause
 existed to search appellant's apartment).
AFFIRMED.
WILLIAMS and THOMAS, JJ., and
 CURETON, A.J., concur.
[1] We decide this case without oral argument pursuant to Rule 215, SCACR.