**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Antonio Miller, Petitioner.

Appellate Case No. 2015-000365

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Aiken County
Doyet A. Early, III, Circuit Court Judge

---

Memorandum Opinion No. 2016-MO-009
Heard January 12, 2016 – Filed March 30, 2016

---

**REVERSED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and

Assistant Attorney General J. Anthony Mabry, all of Columbia, and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

---

**PER CURIAM:**  We granted certiorari to review the Court of Appeals' decision affirming the trial judge's finding that the affidavit supporting the search warrant issued for petitioner's residence established the requisite probable cause.  *See State v. Miller*, Op. No. 2014-UP-409 (S.C. Ct. App. filed Nov. 19, 2014).  We find the affidavit, which was not supplemented with oral testimony, failed to establish probable cause that evidence of a crime may be contained within the residence sought to be searched.  *See State v. Kinloch*, 410 S.C. 612, 616, 767 S.E.2d 153, 155 (2014) (applying the fair probability standard and stating the duty of a reviewing court is to ensure the magistrate had a substantial basis for its probable cause determination (citing *State v. Bellamy*, 336 S.C. 140, 143–45, 519 S.E.2d 347, 348–49 (1999))); *State v. Tench*, 353 S.C. 531, 534, 579 S.E.2d 314, 316 (2003) (asserting the magistrate must make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in the particular place to be searched (citation omitted)); *State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) ("Although great deference must be given to a magistrate's conclusions, a magistrate may only issue a search warrant upon a finding of probable cause." (citation omitted)); *State v. Smith*, 301 S.C. 371, 373, 392 S.E.2d 182, 183 (1990) (finding mere conclusory statements which give a magistrate no basis to make a judgment regarding probable cause are insufficient as the magistrate's actions "cannot be a mere ratification of the bare conclusions of others" (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983))); *State v. Viard*, 276 S.C. 147, 149, 276 S.E.2d 531, 532 (1981) (noting the affidavit supporting a search warrant must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause); *State v. Owen*, 275 S.C. 586, 588, 274 S.E.2d 510, 511 (1981) ("[I]n passing upon the validity of the warrant, a reviewing court may consider only the information brought to the magistrate's attention.").  Accordingly, we reverse petitioner's convictions, and note should the State seek to retry petitioner, it will be permitted to argue the evidence seized pursuant to the invalid search warrant may be admissible on some basis independent of our finding that the affidavit did not establish the requisite probable cause.

**REVERSED**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**