**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terrance L. Bland, Appellant.

Appellate Case No. 2017-002406

———————

Appeal From Greenwood County
William P. Keesley, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-218
Heard June 3, 2020 – Filed July 22, 2020

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

———————

**PER CURIAM:** Terrance L. Bland appeals his convictions for first-degree burglary, three counts of second-degree assault and battery, and discharging a firearm into a dwelling. The burglary charge stemmed from Bland's entrance into

his sister's home where he assaulted her boyfriend, Xavier Harris. The assault and battery and firearm charges related to Bland's shooting into his sister's home the following day, after he discovered arrest warrants for burglary and assault and battery had been issued for him. On appeal, Bland argues the trial court erred in (1) denying his motion for a directed verdict on his first-degree-burglary charge because the State failed to present substantial circumstantial evidence he entered a dwelling without consent and (2) ruling a search warrant was not needed for gunshot residue (GSR) testing and even if a warrant was necessary, finding the officers obtained a valid search warrant to test Bland for GSR. We affirm.

1. The trial court properly denied Bland's motion for a directed verdict on the charge of first-degree burglary because viewing the evidence in the light most favorable to the State, the State presented sufficient evidence Bland entered his sister's, Okeava Bland's, home without consent. *See State v. Curtis*, 356 S.C. 622, 633, 591 S.E.2d 600, 605 (2004) ("On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State."); *id*. at 633–34, 591 S.E.2d at 605 ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury."). The State presented evidence Bland entered Okeava's home without her consent as (1) Okeava admitted Bland came to her home uninvited the night of the burglary; (2) Okeava admitted she did not say anything to Bland when he came in, so she did not give him express consent to enter her home; and (3) Deputy Robertson, one of the responding officers, testified Okeava told him Bland's visit was "unwanted," and he wrote in his incident report that Okeava told him Bland appeared "uninvited" at her home the night of the burglary. *See id*. at 633, 591 S.E.2d at 605 ("In reviewing a motion for directed verdict, the trial [court] is concerned with the existence of the evidence, not with its weight.").

We acknowledge evidence presented at the trial could support the conclusion Okeava consented to Bland's entry into her home. Okeava and Bland testified Bland visited Okeava's home three to four times a week with or without an express invitation, and on the night in question, Okeava opened the door and let Bland into her home. However, even if Okeava gave Bland her consent, the State presented sufficient evidence Bland gained Okeava's consent "through deceit, trickery, artifice, or misrepresentation." *State v. Dixon*, 337 S.C. 455, 459, 523 S.E.2d 784, 786 (Ct. App. 1999). Much like the defendant in *Dixon*, Bland entered the home as he normally did, by knocking and having Okeava open the door for him, but his intentions were not to visit with his sister and niece but to confront and fight Harris. Bland testified he went to Okeava's home to confront Harris, and after entering the home, he immediately went to where Harris was sleeping and confronted him. *See*

*id.* (finding the trial court properly denied the motion for a directed verdict because the State presented sufficient evidence that defendant gained consent to enter the home through "through deceit, trickery, artifice, or misrepresentation," by coming to a past acquaintance's home and gaining consent to enter the home the way she normally did but with the intention to commit a crime). When asked if Bland's entry to her home was "any different from any other time he came over," Okeava answered, "Except for him hitting [Harris]." Thus, we find the State presented sufficient evidence (1) Okeava would not have granted Bland consent to enter her home if she knew his intention to confront Harris and (2) Bland gained consent to enter the dwelling through deceit, trick, or misrepresentation. Accordingly, we conclude the trial court properly denied Bland's motion for a directed verdict on the first-degree-burglary charge because the State presented sufficient evidence Bland entered Okeava's home without consent or gained consent to enter through deceit or misrepresentation, and we affirm as to this issue.

2. The trial court did not err in denying Bland's motion to suppress the GSR evidence obtained in this case because the State had a valid search warrant containing probable cause to test Bland for GSR. *See State v. Weston*, 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997) ("A search warrant may issue only upon a finding of probable cause."); *State v. Wright*, 416 S.C. 353, 365, 785 S.E.2d 479, 485 (Ct. App. 2016) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed." (quoting *State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003))); *id.* ("This review, like the determination by the magistrate, is governed by the 'totality of the circumstances' test." (quoting *Dupree*, 354 S.C. at 683, 583 S.E.2d at 441)); *id.* ("The appellate court should give great deference to a magistrate's determination of probable cause." (quoting *Dupree*, 354 S.C. at 683, 583 S.E.2d at 441)). The search warrant affidavit reflects that an arrest warrant had been issued for a "subject" (Bland) related to an incident the day before the shooting at Okeava's home. The incident was the assault on Harris. The affidavit also stated that following the shooting, a type of vehicle linked to Bland had been seen leaving the area, which responding officers pursued, resulting in Bland's arrest. Bland does not challenge the arrest, and the arrest established probable cause that Bland was the person who shot into Okeava's home. Consequently, there was probable cause that GSR evidence might be found on Bland. The search warrant was therefore valid, and we affirm as to this issue.

**AFFIRMED.**

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**